1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   SERGIO TORRES,                              )   Case No.: 1:20-cv-01001-JLT (HC)
                                                 )
12              Petitioner,                      )   ORDER DISMISSING PETITION WITH LEAVE
                                                 )   TO FILE A FIRST AMENDED PETITION
13        v.                                     )
                                                 )
14   ACTING WARDEN,                              )   [THIRTY-DAY DEADLINE]
                                                 )
15              Respondent.                      )
                                                 )
16   _____   )

17        Petitioner filed a Petition for Writ of Habeas Corpus on June 25, 2020 in the United States

18   District Court for the Central District of California.  (Doc. 1.)  The Central District transferred the

19   petition to this Court on July 20, 2020.  (Doc. 4.)  A preliminary screening of the petition reveals that

20   the petition fails to present any cognizable grounds for relief or any facts in support.  Therefore, the

21   Court will DISMISS the petition with leave to file an amended petition.

22   **I.     DISCUSSION**

23        A.  Preliminary Review of Petition

24        Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

25   review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

26   plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

27   the district court . . . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

28   Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

1

1    either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

2    answer to the petition has been filed.

3        B.  Failure to State a Cognizable Federal Claim

4        The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

5        The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an
         application for a writ of habeas corpus in behalf of a person in custody pursuant to a
6        judgment of a State court *only on the ground that he is in custody in violation of the
         Constitution or laws or treaties of the United States*.
7

8    (emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States

9    District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a

10   person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484

11   (1973).

12       To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the

13   adjudication of his claim in state court

14       (1) resulted in a decision that was contrary to, or involved an unreasonable application
         of, clearly established Federal law, as determined by the Supreme Court of the United
15       States; or (2) resulted in a decision that was based on an unreasonable determination of
         the facts in light of the evidence presented in the State court proceeding.
16

17   28 U.S.C. § 2254(d)(1),(2).  In addition to the above, Rule 2(c) of the Rules Governing Section 2254

18   Cases requires that the petition:

19       (1)  Specify all the grounds for relief available to the petitioner;
         (2)  State the facts supporting each ground;
20       (3)  State the relief requested;
         (4)  Be printed, typewritten, or legibly handwritten; and
21       (5)  Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for
              the petitioner under 28 U.S.C. § 2242.
22

23       Petitioner has failed to comply with Rule 2(c) by failing to specify any ground for relief or the

24   facts supporting his claims. Rule 2(c) requires that each ground for relief be clearly stated, along with

25   providing specific factual allegations that support the grounds for relief. O'Bremski v. Maass, 915 F.2d

26   418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). A narrative or

27   summary of the case will not suffice. This requires the Court to expend considerable time and

28   resources attempting to determine which claims petitioner seeks to raise before this Court. It is

unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with the petitioner. The Court will not permit these proceedings to continue based on surmise and speculation about what Petitioner is or may be contending. After setting forth his grounds for relief, Petitioner also needs to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority.

Because Petitioner has not clearly set forth his grounds for relief, the Court cannot determine whether the claims have been exhausted in the state courts. In addition to listing his grounds for relief, Petitioner must tell the Court which claims were raised at which court. This information must include the dates of filing and disposition so as to determine whether Petitioner has exhausted his state remedies and is in compliance with the limitations period prescribed by 28 U.S.C. §2244(d)(1). Without this information, the Court cannot proceed to the merits of the petition.

Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed. Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number. The Court will also direct the Clerk of Court to provide Petitioner with a blank form petition, and Petitioner is advised to follow the form petition.

## II.     ORDER

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim;

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition; and

3) The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

///

///

///

3

1    Petitioner is forewarned that his failure to comply with this Order may result in an Order of

2    Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

3

4    IT IS SO ORDERED.

5        Dated:    **August 3, 2020**                    **/s/ Jennifer L. Thurston**

6                                                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28