1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 | SERGIO TORRES,

12 |        Petitioner,

13 |    v.

14 | ACTING WARDEN,

15 |        Respondent.

16

17

No. 1:20-cv-01001-JLT-BAK (EPG) (HC)

ORDER DIRECTING CLERK OF COURT TO FILE FIRST AMENDED PETITION

(ECF No. 11)

ORDER TO SHOW CAUSE WHY FIRST AMENDED PETITION SHOULD NOT BE DISMISSED AS UNTIMELY

18 Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.

20 **I.**

21 **BACKGROUND**

22 On June 25, 2020, Petitioner filed a federal petition for writ of habeas corpus in the

23 United States District Court for the Central District of California. (ECF No. 1). On July 21, 2020,

24 the petition was transferred to the Eastern District. (ECF No. 5). On August 4, 2020, the Court

25 conducted a preliminary review of the petition, found that it failed to present any cognizable

26 grounds for relief, and dismissed the petition with leave to file an amended petition. On August

27 24, 2020, Petitioner filed what appeared to be an opposition to a motion to dismiss, which the

28 Court disregarded. (ECF Nos. 8, 12). On October 26, 2020, the Court dismissed this action for

1 | failure to comply with court orders and failure to prosecute in light of Petitioner's alleged failure

2 | to file a first amended petition. (ECF Nos. 14, 16).

3 |        On February 1, 2022, the Ninth Circuit Court of Appeals granted a certificate of

4 | appealability as to "whether the district court properly dismissed appellant's habeas proceedings

5 | for failure to prosecute after concluding appellant had not filed an amended 28 U.S.C. § 2254

6 | petition, in light of appellant's submission to the district court on August 24, 2020 that included,

7 | at pages 26–31, a copy of the requested amended § 2254 petition." (ECF No. 16 at 1). On March

8 | 17, 2022, the Ninth Circuit vacated the judgment and remanded for further proceedings. (ECF

9 | No. 27).

10 | **II.**

11 | **DISCUSSION**

12 |        Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a

13 | habeas petition and allows a district court to dismiss a petition before the respondent is ordered

14 | to file a response, if it "plainly appears from the petition and any attached exhibits that the

15 | petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254

16 | Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

17 |        In light of the Ninth Circuit's remand, the Court will conduct a preliminary review of the

18 | first amended petition ("FAP"). (ECF No. 11). The FAP is difficult to comprehend. Based on

19 | what the Court is able to decipher, it appears that Petitioner challenges the sentencing

20 | enhancements imposed by the Merced County Superior Court for Petitioner's 1998 escaping

21 | from court without force conviction on the grounds of double jeopardy, prosecutorial error, and

22 | ineffective assistance of counsel. (Id. at 26, 29–30). Petitioner was sentenced to an indeterminate

23 | imprisonment term of twenty-six years to life. (Id. at 26). In support of his claims, Petitioner

24 | cites to Cunningham v. California, 549 U.S. 270 (2007), Blakely v. Washington, 542 U.S. 296

25 | (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). (ECF No. 11 at 7).

26 |        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

27 | of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas

28 | corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v.

1    Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the

2    enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year

3    period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28

4    U.S.C. § 2244(d)(1).

5         Section 2244(d) provides:

6              (1) A 1-year period of limitation shall apply to an application for a
               writ of habeas corpus by a person in custody pursuant to the
7              judgment of a State court. The limitation period shall run from the
               latest of –
8
               (A) the date on which the judgment became final by the
9              conclusion of direct review or the expiration of the time for
               seeking such review;
10
               (B) the date on which the impediment to filing an application
11             created by State action in violation of the Constitution or laws
               of the United States is removed, if the applicant was prevented
12             from filing by such State action;

13             (C) the date on which the constitutional right asserted was
               initially recognized by the Supreme Court, if the right has been
14             newly recognized by the Supreme Court and made
               retroactively applicable to cases on collateral review; or
15
               (D) the date on which the factual predicate of the claim or
16             claims presented could have been discovered through the
               exercise of due diligence.
17

18   28 U.S.C. § 2244(d)(1).

19        In most cases, the limitation period begins running on the date that the petitioner's direct

20   review became final as set forth in 28 U.S.C. § 2244(d)(1)(A). Here, Petitioner does not provide

21   enough information to determine when direct review of his conviction became final, but the

22   instant petition was filed twenty-four years after Petitioner was convicted in 1998. Accordingly,

23   the instant federal petition is untimely unless Petitioner establishes that he is entitled to a later

24   commencement of the limitation period or that statutory and/or equitable tolling is warranted.

25        The "time during which a properly filed application for State post-conviction or other

26   collateral review with respect to the pertinent judgment or claim is pending shall not be counted

27   toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). The limitation period also is

28   subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his

3

1  rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented

2  timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544

3  U.S. 408, 418 (2005)). Although Petitioner states in conclusory fashion that he is entitled to

4  equitable tolling, (ECF No. 11 at 2, 4), Petitioner does not provide any factual allegations

5  regarding how he has been pursuing his rights diligently and what extraordinary circumstance

6  stood in his way and prevented timely filing. Petitioner bears the burden of alleging facts that

7  would give rise to tolling. <u>Holland</u>, 560 U.S. at 649; <u>Pace</u>, 544 U.S. at 418.

8                                                    **III.**

9                                                  **ORDER**

10         Accordingly, the Court HEREBY ORDERS that:

11    1.  The Clerk of Court is DIRECTED to file Document No. 11 as the First Amended

12         Petition; and

13    2.  Within **THIRTY (30) days** from the date of service of this order, Petitioner SHALL

14         SHOW CAUSE why the petition should not be dismissed as untimely.

15         Petitioner is forewarned that failure to follow this order may result in a recommendation

16  for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's

17  failure to prosecute or to comply with a court order may result in a dismissal of the action).

18
    IT IS SO ORDERED.
19

20    Dated:  **July 7, 2022**                    /s/ _Erica P. Grosjean_
21                                                  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

                                                    4