# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO TORRES,<br><br>    Petitioner,<br><br>v.<br><br>ACTING WARDEN,<br><br>    Respondent. | No. 1:20-cv-01001-JLT-CDB (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 31, 34) |

Petitioner Sergio Torres is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the first amended petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends dismissing the first amended petition.

**I.**

**BACKGROUND**

On June 25, 2020, Petitioner filed a federal petition for writ of habeas corpus in the United States District Court for the Central District of California. (ECF No. 1.) On July 21, 2020, the petition was transferred to the Eastern District. (ECF No. 5.) On August 4, 2020, the Court conducted a preliminary review of the petition, found that it failed to present any cognizable grounds for relief, and dismissed the petition with leave to file an amended petition. On August 24, 2020, Petitioner filed what appeared to be an opposition to a motion to dismiss, which the Court disregarded. (ECF Nos. 8, 12.) On October 26, 2020, the Court dismissed this action for failure to comply with court orders and failure to prosecute in light of Petitioner's alleged failure to file a first amended petition. (ECF Nos. 14, 16.)

On February 1, 2022, the Ninth Circuit Court of Appeals granted a certificate of appealability as to "whether the district court properly dismissed appellant's habeas proceedings for failure to prosecute after concluding appellant had not filed an amended 28 U.S.C. § 2254 petition, in light of appellant's submission to the district court on August 24, 2020 that included, at pages 26–31, a copy of the requested amended § 2254 petition." (ECF No. 26 at 1.)[1] On March 17, 2022, the Ninth Circuit vacated the judgment and remanded for further proceedings. (ECF No. 27.)

On July 7, 2022, this Court directed the Clerk of Court to file Petitioner's August 24, 2020 submission as the first amended petition ("FAP") and conducted a preliminary review of the FAP. (ECF No. 32.) Based on what the Court was able to comprehend, it appeared that the FAP challenged the sentencing enhancements imposed by the Merced County Superior Court for Petitioner's 1998 escaping from court without force conviction on the grounds of double jeopardy, prosecutorial error, and ineffective assistance of counsel. (ECF No. 31 at 26, 29–30.) Accordingly, the Court ordered Petitioner to show cause why the FAP should not be dismissed as untimely. (ECF No. 32.) On August 12, 2022, Petitioner submitted a document entitled "First Amended Petition," (ECF No. 34), which the Court construes as a response to the Court's order to show cause and a supplement to the FAP. See United States v. Qazi, 975 F.3d 989, 992–93 (9th Cir. 2020) ("We are specifically directed to construe pro se pleadings liberally. This duty applies equally to pro se motions and with special force to filings from pro se inmates." (internal quotation marks and citations omitted)); Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) ("[T]he district court must construe pro se habeas filings liberally.").

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The FAP here was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

1. Commencement of Limitation Period

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Petitioner appears to contend that he is entitled to a later commencement of the limitation period due to various court decisions that were issued after his conviction became final. Specifically, Petitioner has cited in his FAP and his recently-filed "First Amended Petition" to Cunningham v. California, 549 U.S. 270 (2007), Blakely v. Washington, 542 U.S. 296 (2004), Apprendi v. New Jersey, 530 U.S. 466 (2000), and In re Gadlin, 10 Cal. 5th 915

3

1   (2020). (ECF No. 31 at 7, 9, 15; ECF No. 34 at 1, 4.)

2      A modification or clarification of state law does not constitute an "impediment" under 28 U.S.C. § 2244(d)(1)(B) or a "factual predicate" under § 2244(d)(1)(D) that would warrant a later commencement of the limitation period. Shannon v. Newland, 410 F.3d 1083, 1087–89 (9th Cir. 2005). In Shannon, the Ninth Circuit found that the "text of § 2244(d)(1)(B) cannot bear [the] construction" that "[w]henever a state court clarified its own substantive or procedural law, any prisoner convicted under the understanding of the state's legal standard or procedure previously prevailing in state courts—no matter how long ago he was convicted—would be free to file a federal habeas petition." Id. at 1088. Shannon also noted that "[i]f a change in (or clarification of) state law, by a state court, in a case in which [a petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless" and "would create a large loophole in AEDPA's scheme to promote finality." Id. at 1088, 1089. Thus, the California Supreme Court's In re Gadlin decision does not warrant a later commencement of the limitation period pursuant to § 2244(d)(1)(B) or § 2244(d)(1)(D).

      Section 2244(d)(1)(C) provides that the one-year limitation period begins to run from the date on which a "newly recognized" constitutional right, made retroactively applicable to cases on collateral review, was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner has cited to Cunningham v. California, 549 U.S. 270 (2007), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), to support his claims. However, Cunningham does not warrant a later commencement of the limitation period because "Cunningham . . . did not announce a new rule of constitutional law." Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008). Blakely also does not warrant a later commencement because the "rule in Blakely v. Washington . . . does not apply retroactively to a conviction that was final before that decision was announced." Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005). Apprendi similarly does not warrant a later commencement because "Apprendi does not apply retroactively to cases on initial collateral review." United States v. Sanchez-Cervantes, 282 F.3d

1   664, 671 (9th Cir. 2002). Accordingly, the Court finds that § 2244(d)(1)(C) is inapplicable.[2]

2   Based on the foregoing, the Court finds that § 2244(d)(1)(A) is applicable in the instant
3   case, and the limitation period began running on the date that Petitioner's direct review became
4   final. It is unclear when direct review became final. The FAP states that the date of judgment of
5   conviction was April 10, 1998.[3]

6       2.   <u>Statutory and Equitable Tolling</u>

7   The "time during which a properly filed application for State post-conviction or other
8   collateral review with respect to the pertinent judgment or claim is pending shall not be counted
9   toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Here, Petitioner states that he
10  filed a state habeas petition in the Merced County Superior Court, which was denied on June 29,
11  2020. (ECF No. 31 at 27–28.) However, § 2244(d) "does not permit the reinitiation of the
12  limitations period that has ended before the state petition was filed." <u>Ferguson v. Palmateer</u>, 321
13  F.3d 820, 823 (9th Cir. 2003). Although it is unclear when direct review became final, as the
14  state habeas petition was denied twenty-two years after Petitioner's conviction, the Court
15  presumes that the limitation period ended before the state habeas petition was filed. Accordingly,
16  Petitioner is not entitled to statutory tolling.

17  The limitation period also is subject to equitable tolling if the petitioner demonstrates
18  "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary
19  circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631,
20  649 (2010) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). Petitioner bears the burden
21  of alleging facts that would give rise to tolling. <u>Holland</u>, 560 U.S. at 649; <u>Pace</u>, 544 U.S. at 418.
22  Although given the opportunity, Petitioner did not provide the Court with information regarding
23  any extraordinary circumstance that prevented Petitioner from filing the petition earlier.
24  Accordingly, as Petitioner has not demonstrated that statutory or equitable tolling is warranted,

---

[2] Moreover, even if § 2244(d)(1)(C) applies, the FAP would nevertheless be untimely because Petitioner did not file his federal habeas corpus petition, or any state post-conviction or collateral challenge, within one year of the dates that <u>Cunningham</u>, <u>Blakely</u>, and <u>Apprendi</u> were decided.

[3] The FAP also states that Petitioner sought review of the judgment in the court of appeal and lists the dates of the results as July 20, 2020, and April 1, 1996. (ECF No. 31 at 27.) However, as the dates of these results either pre-date the judgment or occurred twenty-two years after the judgment, the Court presumes that they do not refer to any direct appeal.

1  the FAP is untimely and should be dismissed.

2      **B. Supplement to the FAP**

3      In Petitioner's August 12, 2022 submission, which the Court has construed as a
4  supplement to the FAP, Petitioner cites to In re Gadlin, 10 Cal. 5th 915 (2020). (ECF No. 34 at
5  1.) Gadlin concerned California Department of Corrections and Rehabilitation ("CDCR")
6  regulations that "excluded from nonviolent offender parole consideration any inmate who is
7  convicted of a sexual offense that currently requires or will require registration as a sex offender
8  under the Sex Offender Registration Act." 10 Cal. 5th at 919 (internal quotation mark and
9  citation omitted). As these regulations "treat[ed] all individuals with convictions for registerable
10 sex offenses as categorically ineligible for parole, even when the Department's own regulations
11 classify those inmates as having been convicted of a nonviolent felony," the California Supreme
12 Court found the regulations to be "inconsistent with the [state] Constitution as amended by
13 Proposition 57." Id. at 943. Gadlin held that "nonviolent offender parole eligibility must be based
14 on an inmate's current conviction" and that "an inmate may not be excluded from nonviolent
15 offender parole consideration based on a current conviction for a registerable felony offense that
16 the Department's regulations have defined as nonviolent." Id.

17     To the extent that Petitioner contends that he is entitled to federal habeas relief based on
18 Gadlin, the Court finds that such a claim is noncognizable. By statute, federal courts "shall
19 entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to
20 the judgment of a State court only on the ground that he is in custody in violation of the
21 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within
22 the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement"
23 and "seeks either immediate release from that confinement or the shortening of its duration."
24 Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted the rule that a
25 "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at
26 all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting
27 Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if
28 "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release

from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

Gadlin concerned CDCR regulations that were a "*precondition* to parole consideration." 10 Cal. 5th at 943 (emphasis added). The California Supreme Court cautioned that its decision in Gadlin "does not require the release on parole of any inmate." Id. at 920. Rather, the "evaluation of an inmate's suitability for parole and the processes involved in conducting that evaluation remain squarely within the purview of the Department and the Board of Parole Hearings." Id. Therefore, any relief Petitioner may be entitled to based on Gadlin would not necessarily lead to his immediate or earlier release from confinement. Assuming that Gadlin renders Petitioner eligible for a parole suitability hearing, it would not necessarily lead to a grant of parole because under California law, the parole board must consider all relevant reliable information in determining suitability for parole and has the authority to deny parole on the basis of any grounds presently available to it. See Nettles, 830 F.3d at 935. As success on Petitioner's claims based on Gadlin would not necessarily lead to his immediate or earlier release from confinement, these claims do not fall within "the core of habeas corpus," and thus, are not cognizable in federal habeas corpus. See Nettles, 830 F.3d at 935.

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

Due to these differences and the disadvantages that recharacterization may have on Petitioner's claims, the undersigned finds that it would be inappropriate to construe the

supplement to the FAP as a civil rights complaint under 42 U.S.C. § 1983. The Court notes that the filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1). Additionally, it is unclear whether Petitioner has exhausted his Gadlin claim. This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the FAP (ECF No. 31) and supplement to the FAP (ECF No. 34) be DISMISSED as untimely and for failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 12, 2022**

UNITED STATES MAGISTRATE JUDGE